CR 15      00561      LHK

SEALED BY ORDER OF THE COURT

PSG



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FILED

DEC - 3 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

### vs.

E-filing

## LAURENCE MILES, MUNSIF SHIRAZI, a/k/a Mike Shirazi, ROBERT MICHAEL STEPHENS, RAYAN LAKSHMANAN, and SHIRLEY ERNESTINE MOLINA, a/k/a Shirley Jackson, a/k/a Shirley Jacobo, a/k/a Shirley Evans, a/k/a Shirley Molene, a/k/a Ernestine Moline

## INDICTMENT

| | |
|---|---|
| COUNT 1: | 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud |
| COUNTS 2-22: | 18 U.S.C. § 1343 – Wire Fraud |
| COUNTS 23-28: | 18 U.S.C. § 1957(a) – Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity |

*A true bill.*

_____
*Foreperson*

Filed in open court this _3_ day of _December_ A.D. 201_5_

_____
**United States Magistrate Judge**

**Bail. $** __No Bail Amt__ warrents as to all defendants




E-filing

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,              CASE NO.

13        Plaintiff,              ) VIOLATIONS:  18 U.S.C. § 1349 – Conspiracy; 18
                                  ) U.S.C. § 1343 – Wire Fraud; 18
14    v.                          ) U.S.C. § 1957(a) – Engaging in Monetary
                                  ) Transaction in Property Derived from Specified
15  LAURENCE MILES,               ) Unlawful Activity; 18 U.S.C. §§ 981(a)(1)(C) and
    MUNSIF SHIRAZI,               ) 982(a)(1), and 28 U.S.C. § 2461(c)-- Forfeiture
16     a/k/a Mike Shirazi,        )
    ROBERT MICHAEL STEPHENS,      )
17  RAYAN LAKSHMANAN, and         ) SAN JOSE VENUE
    SHIRLEY ERNESTINE MOLINA,     )
18     a/k/a Shirley Jackson,     )
       a/k/a Shirley Jacobo,      )
19     a/k/a Shirley Evans,       )
       a/k/a Shirley Molene,      )
20     a/k/a Ernestine Moline,    )
                                  )
21        Defendants.             )
   _____)

22

23                      I N D I C T M E N T

24

        The Grand Jury charges that, at all relevant times:

25

        1.     LAURENCE MILES, MUNSIF SHIRAZI, ROBERT STEPHENS, RAYAN

26
LAKSHMANAN, and SHIRLEY MOLINA (collectively, "the DEFENDANTS") , were engaged in a

27
scheme to defraud whereby they solicited investors to provide money for medical care for "Shirley,"

28

INDICTMENT                       1

1  who they claimed was very ill and due to inherit a large estate, in exchange for a share of the estate once

2  its assets were released from an alleged probate proceeding.

3      2.    LAURENCE MILES, also called "Lauri," held himself out as the executor and trustee of

4  the estate.

5      3.    MUSIF SHIRAZI, also called "Mike", was the assistant to and driver for MILES.

6      4.    ROBERT STEPHENS solicited investors and provided them updates on the disbursement

7  of the estate.

8      5.    RAYAN LAKSHMANAN was an assistant for STEPHENS, who handled the paperwork

9  and at times recruited investors.

10     6.    SHIRLEY MOLINA was the alleged beneficiary of the estate.

11     7.    The FEDWIRE system is an electronic funds transfer and book-entry securities transfer

12  service that links twelve Federal Reserve Banks with approximately 10,000 depository institutions

13  nationwide.  Every funds transfer sent through FEDWIRE automatically triggers an electronic wire

14  communication to the Funds Transfer Host Application located in East Rutherford, New Jersey, for

15  registration before being transferred to its final destination. As such, all wires alleged in this indictment

16  that used FEDWIRE, were in interstate and foreign commerce.

17     8.    The Clearing House Interbank Payments System (CHIPS) is another electronic funds

18  transfer system for processing funds transfers between banks.  All wires alleged in this indictment that

19  used CHIPS went through North Carolina and were in interstate and foreign commerce.

20                    The Scheme to Defraud

21     9.    Beginning in at least 2009 and continuing through November 2015, the DEFENDANTS

22  engaged in a scheme to defraud and to obtain money and property by means of materially false and

23  fraudulent pretenses, representations, and promises.

24     10.   The DEFENDANTS solicited funds from investors, purportedly to pay for the expenses

25  of an ill woman's medical care while her money was tied up in a complicated and secret probate

26  proceeding. Investors were told they were investing in a trust set up for "Shirley," and that once the

27  estate was no longer in probate, they would receive a large return on their investment, often as much as

28  one-thousand dollars for every dollar invested.

INDICTMENT                    2

11.     The DEFENDANTS falsely told investors that "Shirley" was very ill, needed medical treatments, and was the heiress to a large estate, often described as being worth more than one-billion dollars.  According to the fraudulent story, the estate was tied up in a probate proceeding involving the Federal Reserve.  Investors were told the probate was subject to a gag order, such that the DEFENDANTS could not provide details about it.

12.     Investors were further told that their money was being used from the trust primarily to pay for "Shirley's" medical expenses.  Once the probate proceeding was finished and the assets available for transfer, investors were told they would receive a large return on the money they had provided.

13.     In an effort to keep the scheme going, the DEFENDANTS sent communications, by email, text, phone or letter, to the investors, informing them of some delay in the probate proceedings related to "Shirley's" estate, in order to lull them into thinking that they would soon receive a return on their investment.

14.     In truth, as the DEFENDANTS knew, there was no estate to be settled.  As the DEFENDANTS also knew, MOLINA was not extremely ill and was not the heiress to a large estate.

15.     The DEFENDANTS have received more than $5 million from at least 40 different investors.

16.     The DEFENDANTS used funds they obtained from their scheme for their own purposes. To divert funds to MOLINA, MILES deposited investor funds into third-party bank accounts.  Cash was then withdrawn from those accounts and delivered to MOLINA.

17.     As of today, no investor has received any return on their investment.

COUNT ONE: 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

18.     Paragraphs 1 through 17 are realleged and incorporated as if fully set forth here.

19.     From in or about 2009 through in or about November, 2015, in the Northern District of California and elsewhere, the defendants,

LAURENCE MILES,
MUNSIF SHIRAZI,
ROBERT STEPHENS,
RAYAN LAKSHMANAN and
SHIRLEY MOLINA,

INDICTMENT                               3

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together and with each other to commit offenses against the United States, specifically, wire fraud, in violation of Title 18, United States Code, Section 1343, by devising a scheme and artifice to obtain money by means of false and fraudulent representations, specifically by soliciting investments under the false and fraudulent pretense that the solicited funds would be used to pay for the medical expenses of a woman named "Shirley," who was soon to receive an estate, valued at approximately one-billion dollars, which would then be distributed among the investors, at a high rate of return.

<u>The Means and Manner of the Conspiracy</u>

20.     Among the means and methods by which the DEFENDANTS carried out the conspiracy to defraud investors were the following:

A. Soliciting individuals to provide money, with the promise the money would be used to pay for medical treatments for "Shirley," who was soon to inherit more than a billion dollars, which money would then be disbursed among those who contributed to her care.

B. Sending lulling statements to investors, mostly by email or text, to explain why they had not yet received their funds and to explain the delays in the settlement of Shirley's estate;

C. Sending Statements of Release forms to investors to make it seem as though the investment and promised return were legitimate;

D.  Using investors' money for their own purposes, rather than on medical treatments as they had promised to do;

E. Pretending to work with the Federal Reserve, judges, and lawyers to settle the estate and allow for the disbursement of funds, when in fact there was no estate.

All in violation of Title 18, United States Code, Section 1349.


<u>COUNTS TWO THROUGH TWENTY-THREE</u>:   (18 U.S.C. § 1343 – Wire Fraud)

21.     Paragraphs 1 through 17 and 20 are realleged and incorporated as if fully set forth here.

22.     On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

INDICTMENT                              4

LAURENCE MILES,
MUNSIF SHIRAZI,
ROBERT STEPHENS,
RAYAN LAKSHMANAN and
SHIRLEY MOLINA,

for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining

money and property by means of materially false and fraudulent pretenses, representations, and

promises, and by material omissions, did knowingly transmit and cause to be transmitted by means of

wire communication in interstate and foreign commerce the writings, signs, signals, and pictures

indicated below:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 2 | 12/08/2010 | $65,000 | SA's Bank of America account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 3 | 03/08/2011 | $1,000 | AT's Stanford Federal Credit Union account (via FEDWIRE) | STEPHENS' Umpqua Bank account ending 264 |
| 4 | 03/22/2011 | $23,000 | Blue Lapis Funding (JF)'s WFB account (via FEDWIRE) | STEPHENS' Umpqua Bank account ending 264 |
| 5 | 04/26/2011 | $6,000 | DM's Citibank account (via FEDWIRE) | STEPHENS' Umpqua Bank account ending 264 |
| 6 | 05/13/2011 | $35,000 | DM's Citibank account (via CHIPS) | MILES Trust account ending 4117 at WFB |
| 7 | 05/19/2011 | $5,000 | Richland Corp. (BB)'s account at WFB (via FEDWIRE) | STEPHENS' Umpqua Bank account ending 264 |
| 8 | 06/30/2011 | $10,000 | DM's Citibank account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 9 | 06/30/2011 | $34,000 | FN's JP Morgan Chase account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 10 | 12/23/2011 | $65,000 | RLJ's Umpqua account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 11 | 03/02/2012 | $57,000 | CC's Citibank account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 12 | 03/12/2012 | $60,000 | CC's Citibank account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 13 | 01/24/2013 | $20,000 | Provenance Ltd. (SK)'s account at RBS Citizens, NA (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 14 | 02/08/2013 | $13,000 | CB's Provident Bank account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |

| 15 | 04/29/2013 | $20,000 | SK's Live Oak State Bank account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
|----|------------|---------|-----------------------------------------------|----------------------------------------|
| 16 | 05/01/2013 | $12,000 | Provenance Ltd. (SK)'s account at RBS Citizens, NA (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 17 | 12/13/2013 | $25,000 | Provenance Ltd. (SK)'s account at RBS Citizens, NA (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 18 | 06/18/2014 | $40,000 | CB's Merrill Lynch/Bank of America account (via FEDWIRE) | MILES Trust account ending 4117 at WFB |
| 19 | 07/21/2014 | $30,000 | CC's WFB account (via FEDWIRE) | SHIRAZI's JP Morgan Chase account ending 580 |
| 20 | 07/29/2014 | $30,000 | CC's WFB account (via FEDWIRE) | SHIRAZI's JP Morgan Chase account ending 580 |
| 21 | 08/05/2014 | $12,000 | CC's WFB account (via FEDWIRE) | SHIRAZI's JP Morgan Chase account ending 580 |
| 22 | 02/10/2015 | $10,000 | CC's WFB account (via FEDWIRE) | Relevance LLC's Citibank account ending 886 |
| 23 | 03/04/2015 | $40,000 | CC's WFB account (via FEDWIRE) | SHIRAZI's Citibank account ending 5794 |

All in violation of Title 18, United States Code, Section 1343.

COUNTS TWENTY-FOUR THROUGH TWENTY-NINE:  (18 U.S.C. § 1957(a) – Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity)

23.     The allegations set forth in paragraphs 1 through 17 and 20 are realleged and incorporated as if fully set forth here.

24.     On or about the dates listed below, in the Northern District of California and elsewhere, the defendant, as indicated below, did knowingly engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, specifically, the withdrawal or transfer of funds as indicated below, which funds were derived from a specified unlawful activity, namely, wire fraud:

| COUNT | DEFENDANT | DATE | MONETARY TRANSACTION |
|-------|-----------|------|----------------------|
| 24 | ROBERT STEPHENS | 03/22/2011 | Transfer of $20,000 from Umpqua account ending 0264 to WFB account ending 4117 |
| 25 | LAURENCE MILES | 05/13/2011 | Withdrawal of $30,000 from WFB account ending 4117 |
| 26 | LAURENCE MILES | 03/13/2012 | Withdrawal of $30,000 from WFB account ending 4117 |

| 27 | LAURENCE MILES | 08/26/2013 | Withdrawal of $23,500 from WFB account ending 9313 |
| 28 | LAURENCE MILES | 10/08/2013 | Transfer of $21,000 from WFB account ending 4117 to WFB account ending 8480 |
| 29 | MUNSIF SHIRAZI | 03/04/2015 | Transfer of $38,500 from Citi account ending 5794 to Citi account ending 9886 |

All in violation of Title 18, United States Code, Section 1957(a).

FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1); and 28 U.S.C. § 2461(c))

25. Paragraphs 1 through 17 and 20, and the transactions alleged in each of Counts One through Twenty-Eight, are realleged as if fully set forth here.

26. Upon a conviction of any of the offenses alleged in Counts One through Twenty-Two, the defendants,

LAURENCE MILES,
MUNSIF SHIRAZI,
ROBERT STEPHENS,
RAYAN LAKSHMANAN and
SHIRLEY MOLINA,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)((C) and Title 28, United States Code, Section 2461, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

27. Upon a conviction of any of the offenses alleged in Counts Twenty-Three through Twenty-Eight, the defendants,

LAURENCE MILES,
MUNSIF SHIRAZI, and
ROBERT STEPHENS,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in said violations, or any property traceable to such property.

28. If any of the forfeitable property, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;
b) has been transferred or sold to or deposited with a third person;
c) has been placed beyond the jurisdiction of the Court;
d) has been substantially diminished in value; or
e) has been commingled with other property which cannot be divided without difficulty;

INDICTMENT                                    7

1   the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States

2   Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

3        All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1343, 1957;

4   Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

5

6   DATED: 3 Dec 2015                    A TRUE BILL,

7

8                                        FOREPERSON

9
    BRIAN STRETCH
10  Acting United States Attorney

11

12  _____
    JEFFREY D. NEDROW
13  Chief, San Jose Branch

14
    (Approved as to form: _____)
15                  AUSA ROSEN

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                    8

257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION   *E-filing*

— OFFENSE CHARGED —

COUNT 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
COUNTS 2-22: 18 U.S.C. § 1343 – Wire Fraud
COUNTS 23-28: 18 U.S.C. § 1957(a) – Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity

PENALTY:   SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

— DEFENDANT - U.S —

▸ LAURENCE MILES

FILED

DISTRICT COURT NUMBER   DEC – 3 2015

CR 15   00561   SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

LHK
PSG

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A MATT ACCARDO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA AMBER ROSEN

— DEFENDANT —

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ▸   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▸   Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

**COUNT ONE:**  18 USC 1349 – Conspiracy to commit wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWO – TWENTY-TWO:**  18 USC 1343 – Wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWENTY-THREE – TWENTY-EIGHT:**  18 USC 1957(a) –
Engaging in Monetary Transaction in Property derived from Specified Unlawful
Activity

10 years prison
$250,000 fine, or twice the amount of the criminally derived property involved in
the transaction
3 years supervised release
$100 Special Assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

COUNT 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
COUNTS 2-22: 18 U.S.C. § 1343 – Wire Fraud
COUNTS 23-28: 18 U.S.C. § 1957(a) – Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity

PENALTY:
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

— DEFENDANT - U.S —

▶ MUNSIF SHIRAZI a/k/a Mike Shirazi

DISTRICT COURT NUMBER

FILED
DEC - 3 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 15   00561   LHK PSG

— PROCEEDING —

Name of Complaintant Agency, or Person (& Title, if any)

FBI S/A MATT ACCARDO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA AMBER ROSEN

— DEFENDANT —

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

SEALED BY ORDER OF THE COURT

**COUNT ONE:**  18 USC 1349 – Conspiracy to commit wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWO – TWENTY-TWO:**  18 USC 1343 – Wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWENTY-THREE – TWENTY-EIGHT:**  18 USC 1957(a) – Engaging in Monetary Transaction in Property derived from Specified Unlawful Activity

10 years prison
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 Special Assessment

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

─── OFFENSE CHARGED ───

COUNT 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
COUNTS 2-22: 18 U.S.C. § 1343 – Wire Fraud
COUNTS 23-28: 18 U.S.C. § 1957(a) – Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity

PENALTY:
　　SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION          E-filing

─── DEFENDANT - U.S ───

▶ ROBERT MICHAEL STEPHENS

DISTRICT COURT NUMBER

FILED
DEC - 3 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 15    00561    LHK

─── DEFENDANT ───

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A MATT ACCARDO

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
　☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on this form          BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)          AUSA AMBER ROSEN

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date filed

DATE OF         Month/Day/Year
ARREST    ▶ _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT          Bail Amount: None

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

_____

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

**COUNT ONE:**  18 USC 1349 – Conspiracy to commit wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWO – TWENTY-TWO:**  18 USC 1343 – Wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWENTY-THREE – TWENTY-EIGHT:**  18 USC 1957(a) –
Engaging in Monetary Transaction in Property derived from Specified Unlawful
Activity

10 years prison
$250,000 fine, or twice the amount of the criminally derived property involved in
the transaction
3 years supervised release
$100 Special Assessment

A3

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF THE COURT**

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

──── **OFFENSE CHARGED** ────

COUNT 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud

COUNTS 2-22: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

──── **DEFENDANT - U.S.** ────

▶ RAYAN LAKSHMANAN

*E-filing*

**FILED**

DISTRICT COURT NUMBER

CR 15 00561

*DEC -3 2015*

CLERK, SUSAN Y. SOONG
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA
SAN JOSE

LHK

SG

──── **PROCEEDING** ────

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A MATT ACCARDO

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    AUSA AMBER ROSEN

──── **DEFENDANT** ────

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

──── **ADDITIONAL INFORMATION OR COMMENTS** ────

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

_____

Date/Time: _____   Before Judge: _____

Comments:

**COUNT ONE:**  18 USC 1349 – Conspiracy to commit wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWO – TWENTY-TWO:**  18 USC 1343 – Wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

| | |
|---|---|
| **OFFENSE CHARGED** | |

COUNT 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud

COUNTS 2-22: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

E-filing

──── **DEFENDANT - U.S** ────
Shirley Ernestine Molina, a/k/a Shirley Jackson, a/k/a Shirley Jacobo, a/k/a Shirley Evans, a/k/a Shirley Molene, a/k/a Ernestine Moline

DISTRICT COURT NUMBER

CR 15   00561   LHK

FILED PSG

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

───────────

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

{ ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

| | |
|---|---|
| **PROCEEDING** | |

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A MATT ACCARDO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
}   SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}   MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form   BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   AUSA AMBER ROSEN

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: None

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

**COUNT ONE:**  18 USC 1349 – Conspiracy to commit wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee

**COUNTS TWO – TWENTY-TWO:**  18 USC 1343 – Wire fraud

20 years prison
$250,000 fine or twice the gross gain or loss from the offense
3 years supervised release
$100 Special Assessment fee